UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PAUL H., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Case No. 2:19-cv-00200-TLF <br><br> ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. The Court affirms because, as discussed below, the ALJ properly weighed the medical evidence and gave specific, legitimate reasons for discounting the Activity Prescription Forms filled out by Dr. Hayes.

I.  ISSUES FOR REVEW

A.  Did the ALJ commit harmful error in weighing medical evidence?

II.  FACTUAL AND PROCEDURAL HISTORY

On April 14, 2015, the Plaintiff applied for disability insurance benefits, alleging a disability onset date of February 4, 2014. AR 15. The claim was denied initially and upon reconsideration. *Id.* The Plaintiff then filed a written request for hearing on March 3, 2016. *Id.*

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 1

ALJ Virginia M. Robinson held a hearing on August 3, 2017, after Plaintiff appealed the denial of benefits. *Id.* On February 28, 2018, ALJ Robinson issued a written decision finding Plaintiff not disabled. AR 26. The ALJ found Plaintiff's conditions and impairments were not severe (at step two of the disability evaluation process), and that Plaintiff could work as a parking lot attendant, storage facility rental clerk, office helper, or auto salesperson. AR 19, 26. The Social Security Appeals Council denied Plaintiff's request for review. Dkt. 17, at 2. Plaintiff appealed to this Court. Dkt. 17, at 10.

### III. DISCUSSION

#### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court will reverse the Administrative Law Judge's ("ALJ") decision if "it contains legal error or is not supported by substantial evidence" in the record as a whole. *Ford v. Saul,* __ F.3d __, No. 18-3594, 2020 WL 829864 (9th Cir. 2020) at *7, *quoting Tomasetti v. Astrue,* 533 F.3d 1035, 1038 (9th Cir. 2008). Substantial evidence means more than a scintilla and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill,* 139 S.Ct. 1148, 1154 (2019).

#### B. The Medical Evidence

Plaintiff maintains that the ALJ erred by giving significant weight to Dr. Guillermo Rubio, Dr. Kirsten Nestler, and Dr. Cheryl Hayes, but not enough weight to Activity Prescription Forms, job analysis, and other temporary work restrictions completed by treatment providers. Dkt. 17, at 6.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d

1194, 1198 (9th Cir. 2008)). When a treating or examining physician's opinion is contradicted, an ALJ must provide specific and legitimate reasons for rejecting it. *Id.* In either case, substantial evidence must support the ALJ's findings. *Id.* Opinions from non-examining medical sources that contradict a treating physician's opinion will trigger the "specific and legitimate reasons" standard of review. *Ford v. Saul,* __ F.3d __, No. 18-3594, 2020 WL 829864 (9th Cir. 2020) at *7.

Resolving ambiguity or conflicts in medical evidence is the responsibility of the ALJ. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041-42 (9th Cir. 2008). Likewise, the ALJ is responsible for "determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [treating or examining doctors] . . .." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999); *see also Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (upholding ALJ's rejection of internally inconsistent medical opinion). An ALJ need not accept a medical opinion that is brief and conclusory when the ALJ faces conflicting evidence regarding the claimant's condition. *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001).

Even where a treating physician's opinion is brief and conclusory, an ALJ must consider its context in the record—especially the physician's treatment notes. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (holding ALJ erred in finding treating opinion "conclusory" and supported by "little explanation," where ALJ "overlook[ed] nearly a dozen [treatment] reports related to head, neck, and back pain"); *Revels v. Berryhill*, 874 F.3d 648, 663 (9th Cir. 2017) (finding ALJ erred in rejecting

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 3

treating physician's opinion as supported by "little explanation," where record included treatment notes supporting the opined limitations).

Plaintiff maintains that the ALJ erred by giving significant weight to Dr. Guillermo Rubio, Dr. Kirsten Nestler, and Dr. Cheryl Hayes, but not enough weight to Activity Prescription Forms, job analysis, and other temporary work restrictions completed by treatment providers. Dkt. 17, at 6. Specifically, Plaintiff argues the ALJ should have given more consideration to this evidence to determine the type of treatment Plaintiff may have received and the type of recovery necessary to complete normal work duties. *Id.*

Plaintiff has not alleged that the ALJ made any specific errors in his evaluation of Dr. Rubio or Dr. Nestler's opinion. As such, Plaintiff has failed to demonstrate any harmful error regarding the ALJ's evaluation of their opinions. *See Bailey v. Colvin*, 669 Fed. Appx. 839, 840 (9th Cir. 2016) (citing *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012)) (finding no error where the claimant did not "demonstrate prejudice from any errors").

The ALJ gave significant weight to Dr. Hayes' opinions. AR 23. Dr. Hayes concluded Plaintiff was at "maximum medical improvement" in November 2015 and was "ready to get back to work." AR 987. Dr. Hayes opined that Plaintiff could work at light to medium level work with a few reaching and postural limitations. AR 987, 1001, 1003. The ALJ reasoned that Dr. Hayes' opinions were consistent with her clinical findings, and subsequent medical records did not reveal deteriorating conditions. AR 23.

The postural limitation assessed by Dr. Hayes is lifting above the shoulders, only occasionally on the right. AR 987. Dr. Hayes expressed that Plaintiff can lift up to 30

ORDER AFFIRMING DEFENDANT'S DECISION TO
DENY BENEFITS - 4

pounds and occasionally work overhead on the right side. *Id.* Plaintiff asserts that the ALJ failed to adopt Dr. Hayes' postural limitations and limitations regarding climbing ramps, stairs, ladders, ropes, and scaffolds. Dkt. 17, at 7-8. However, the limitations regarding ramps, stairs, ladders, ropes, and scaffolds are not contained in Dr. Hayes' 2015 opinion. Rather, these are found in the Activity Prescription Forms, to which the ALJ gave limited weight. *See* AR 23, 988, 993. Additionally, Plaintiff's claim is not factually accurate, considering the ALJ actually did incorporate Dr. Hayes' postural limitations and limitations regarding climbing ramps, stairs, ladders, ropes, and scaffolds into the RFC. AR 19-20.

The ALJ gave limited weight to the Activity Prescription Forms, job analyses, and other temporary work restrictions filled out by Plaintiff's treatment providers. AR 23. The ALJ reasoned that these were intended to be temporary restrictions and did not reflect the Plaintiff's full recovery, so they would have limited probative value in assessing Plaintiff's RFC. *Id.* Plaintiff argues that the ALJ erred in assigning limited weight to Dr. Hayes' Activity Prescription Forms; yet these are not medical opinions. Rather, the Activity Prescription Forms are formulaic sheets that the state's Department of Labor and Industries requires physicians to fill out, so it can evaluate a worker's functional capacity and physical restrictions during a limited period of time. The ALJ is not required to review the Activity Prescription Forms as if they are medical opinion evidence.

Lastly, the ALJ must consider medical evidence in assessing the RFC and cannot then discredit such evidence because it is inconsistent with that RFC. *See Laborin v. Berryhill*, 867 F.3d 1151, 1153-54 (9th Cir. 2017). Because this Court resolved the first issue in favor of the Defendant, the rest of the issues are contingent on

the first issue presented by Plaintiff, and the Court finds these additional claims have no merit.

IV. CONCLUSION

The ALJ properly weighed the medical evidence and gave specific, legitimate reasons for discounting the Activity Prescription Forms filled out by Dr. Hayes. The Court therefore AFFIRMS the Defendant's decision to deny benefits.

Dated this 16th day of March, 2020.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge